E-FILED
Thursday, 16 July, 2026  01:35:56 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

GREGOERY MCNEILL,
    Plaintiff,

v.

LIVINGSTON COUNTY, ILLINOIS;
SHERIFF OF LIVINGSTON COUNTY,
ILLINOIS, in his official capacity; and
LIVINGSTON COUNTY SHERIFF'S
DEPARTMENT,
    Defendants.

Case No. 1:26-cv-01048-JEH-RLH

**Order**

Now before the Court is the Motion to Dismiss (D. 14) Counts I, II, III, and V of Plaintiff Gregoery McNeill's First Amended Complaint (D. 9) under Federal Rule of Civil Procedure 12(b)(6) brought by Defendants Livingston County, Illinois; Sheriff of Livingston County, Illinois, in his official capacity; and Livingston County Sheriff's Department. For the reasons set forth *infra*, the Motion is GRANTED IN PART and DENIED IN PART.

**I**

Plaintiff Gregoery McNeill alleges that he was employed by Defendants as a Deputy Corrections Officer from approximately March 24, 2024, until his termination on or about December 3, 2025. (D. 9 at ECF p. 3).[1] Plaintiff alleges that his duties included monitoring inmates, responding to security threats, overseeing inmate

---

[1] At the motion to dismiss stage, a court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Bronson v. Ann & Robert H. Lurie Child.'s Hosp. of Chi.*, 69 F.4th 437, 448 (7th Cir. 2023).

movement, ensuring safety and order, and performing physically demanding tasks such as walking, standing for long periods, and climbing stairs. *Id*. at ECF p. 4.

Plaintiff alleges that he has a permanent right ankle impairment that substantially limits major life activities, including walking, standing, and climbing stairs. *Id*. He further alleges that on or about August 15, 2025, he underwent right ankle reconstruction surgery while on approved FMLA leave and that his surgeon confirmed he continued to have limitations with walking, stair climbing, and prolonged standing after the surgery. *Id*. at ECF p. 5. Plaintiff alleges that he exhausted his available leave, including his FMLA entitlement, while recovering from surgery, but remained under active medical care and needed additional time to fully recover. *Id*.

Plaintiff alleges that he returned to work on or about November 10, 2025, with medical restrictions, while still experiencing significant ankle swelling and pain that limited his ability to walk, stand, or climb stairs for extended periods. *Id*. Upon his return, Defendants placed him in booking and the control room. *Id*. Plaintiff alleges that although those positions were considered less physically demanding, they still required substantial walking and stair navigation that exacerbated his symptoms. *Id*.

Plaintiff alleges that on or about November 19, 2025, he was the senior officer on his shift and was responsible for running the entire operation, which required substantially more movement than usual. *Id*. at ECF pp. 5-6. He further alleges that because of staffing shortages, he was unable to rotate out of booking, and by the end of the shift, his ankle pain and swelling had significantly worsened. *Id*. at ECF p. 6. Plaintiff then requested reassignment to the control room because of ongoing ankle pain and swelling. *Id*. The request was initially refused, but he was later allowed to move to the control room after raising the issue with the Lieutenant and Jail Administrator Lisa Draper. *Id*.

Plaintiff alleges that on or about November 21, 2025, his surgeon saw him on an urgent basis and confirmed that the swelling and pain indicated that he was not

medically stable to continue working. *Id*. Plaintiff alleges that his surgeon initially recommended an additional six-to-twelve-week recovery period and that Plaintiff emailed HR representative Ginger Harris, Sheriff Ryan Bohm, and Lisa Draper with updated medical documentation explaining the surgeon's recommendation for additional leave. *Id*. A meeting was scheduled for November 24, 2025, to discuss his accommodation request, but Plaintiff alleges that no follow-up was provided and he received no communication from HR regarding the status of the request. *Id*. at ECF pp. 6-7.

Plaintiff alleges that on or about November 25, 2025, Bohm told him that his leave request was denied. *Id*. at ECF p. 7. He further alleges that he was not given an explanation or asked for further details about his medical restrictions or the doctor's recommendations, and Bohm told him he had only two options: resign or be terminated. *Id*. Plaintiff further alleges that he explained he was not medically cleared for full duty and that his doctor had advised him to rest for four more weeks to avoid further injury, but Bohm refused to discuss accommodations or alternatives. *Id*. After Plaintiff refused to resign, he alleges that Defendants officially terminated his employment on or about December 3, 2025. *Id*.

Plaintiff alleges that at the time of his termination, he had not been medically released to full duty and his ankle remained swollen and painful. *Id*. He further alleges that Defendants terminated him because of his disability and protected activity, retaliated against him after he took FMLA leave, retaliated against him for raising his medical condition and need for accommodation, and failed to engage in the ADA-required interactive process by refusing to consider reasonable accommodations such as a four-week extension of leave, temporary reassignment, restrictions on stairs or walking, or other accommodations. *Id*. at ECF pp. 7-8.

The First Amended Complaint asserts six counts. The present Motion challenges Count I (ADA Disability-Based Discrimination), Count II (ADA Disability-Based Harassment), Count III (ADA Failure to Accommodate), and Count V (FMLA

3

Interference). Count IV (ADA Retaliation) and Count VI (FMLA Retaliation) are not challenged by the pending Motion.

## II

Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint fails to state a claim. FED. R. CIV. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The Court draws all reasonable inferences in favor of the non-movant but need not accept legal conclusions or formulaic recitations of the elements of a cause of action supported only by conclusory statements. *Iqbal*, 556 U.S. at 678; *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014).

## III

### A

Defendants argue that Counts I and III fail because Plaintiff's own allegations establish that he was not a qualified individual under the ADA. Defendants emphasize that Plaintiff exhausted FMLA leave, was not medically stable to continue working, was not released to full duty at termination, and requested additional leave. In Defendants' view, those allegations establish that Plaintiff could not perform the

essential functions of his Deputy Corrections Officer position with or without reasonable accommodation. Because both Counts I and III require Plaintiff to plausibly allege he was a qualified individual under the ADA, Defendants' principal argument applies equally to both claims.

The ADA prohibits discrimination against a qualified individual on the basis of disability. A qualified individual is one who, with or without reasonable accommodation, can perform the essential functions of the position. 42 U.S.C. § 12111(8). A reasonable accommodation must enable the employee to perform the essential functions of the position; it does not require the employer to excuse the employee from working altogether. *See Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476 (7th Cir. 2017). A plaintiff may plead himself out of court by alleging facts that establish an impenetrable defense to his claims, but that principle applies only when the complaint itself forecloses relief. *See Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008).

Defendants' argument is not persuasive at the pleading stage. The First Amended Complaint does not only allege that Plaintiff was unable to work and requested a multi-month leave; it also alleges that Plaintiff returned to work on November 10, 2025, with restrictions, that Defendants placed him in booking and the control room, and that those positions were considered less physically demanding. The pleading further alleges that Plaintiff asked for reassignment to the control room because of ankle pain and swelling, that the request was initially refused, and that he was later allowed to move into the control room after raising the issue with supervisory personnel. At the pleading stage, those allegations plausibly support an inference that at least some accommodation, such as temporary reassignment, work restrictions, or a short period of leave, may have enabled Plaintiff to perform his job.

The First Amended Complaint also alleges that Defendants failed to engage in the interactive process by refusing to consider accommodations such as a four-week extension of leave, temporary reassignment, restrictions on stairs or walking, or other

5

reasonable accommodations. Although an employer's failure to engage in the interactive process is not an independent basis for ADA liability unless it prevents identification of an appropriate accommodation for a qualified individual, *see Basden v. Professional Transportation, Inc.*, 714 F.3d 1034, 1039 (7th Cir. 2013), the pleaded facts permit the reasonable inference, at this stage, that an accommodation may have existed.

*Severson* holds that a multi-month medical leave of absence generally is not a reasonable accommodation because the ADA is an antidiscrimination statute, not a medical-leave entitlement, and reasonable accommodations must enable an employee to perform the essential functions of the position. *Id.* However, *Severson* also recognizes that brief intermittent time off or a short leave of absence may, in appropriate circumstances, be analogous to a modified work schedule. *Id.*; *see also Haschmann v. Time Warner Ent. Co.*, 151 F.3d 591 (7th Cir. 1998) (affirming liability where a jury could find that a finite two- to four-week medical leave was a reasonable accommodation under the circumstances).

In support of their argument, Defendants principally rely on *Severson*. That case, however, was decided on summary judgment and involved a requested two- to three-month leave after the employee had exhausted FMLA leave and never worked in the reassigned position. Here, Plaintiff alleges he returned to work, was assigned to modified posts, requested reassignment, and then sought further accommodation after his condition worsened. According to the First Amended Complaint, Plaintiff's physician initially recommended six- to twelve-weeks of recovery. Plaintiff further alleges that he later informed Sheriff Bohm that his doctor had recommended four additional weeks to avoid further injury. Accepting Plaintiff's allegations as true, the requested four-week leave is more analogous to the finite leave the Seventh Circuit held could be found reasonable by a jury in *Haschmann* than the multi-month leave rejected in *Severson*. Although discovery may clarify Plaintiff's actual restrictions, the essential functions of the position, and the availability of alternate assignments, those

issues cannot be resolved on the pleadings alone. Plaintiff has not (as Defendants claim) pleaded himself out of court as to Counts I and III.

B

Count II stands on a different footing because the First Amended Complaint does not plausibly allege facts sufficient to support a hostile work environment. To state an ADA hostile work environment, a plaintiff must allege facts supporting a workplace that is permeated with discriminatory intimidation, ridicule, and insults that are sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Ford v. Marion Cnty. Sheriff's Off.*, 942 F.3d 839, 851 (7th Cir. 2019). The inquiry considers the totality of the circumstances, including the frequency and severity of the conduct, whether the conduct was threatening or humiliating, and whether it interfered with work performance. *EEOC v. Costco Wholesale Corp.*, 903 F.3d 618, 625-26 (7th Cir. 2018).

The factual allegations supporting a hostile work environment theory are limited. The First Amended Complaint alleges the denial or delay of accommodations, work assignments that aggravated Plaintiff's condition, the denial of leave, an ultimatum to resign or be terminated, and his termination. Those allegations may support discrimination, failure to accommodate, or retaliation theories, but they do not plausibly allege a workplace permeated with discriminatory intimidation, ridicule, or insult. *Ford*, 942 F.3d at 851.

The pleaded facts do not identify disability-based comments, ridicule, threats, humiliation, repeated abusive conduct, or other facts from which the Court can reasonably infer harassment that was severe or pervasive. Plaintiff argues in his response (D. 16) that he was embarrassed when he had to ask higher-level supervisors to be moved to the control room and that Defendants "attempted to bully him into resigning." (D. 16 at ECF p. 6). Although Plaintiff's response elaborates on the allegations in the First Amended Complaint, those additional factual assertions still do not plausibly allege harassment that was sufficiently severe or pervasive to state a

7

hostile-work-environment claim. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015). Even considering those additional factual assertions, the First Amended Complaint still describes a series of discrete accommodation and termination decisions rather than a hostile work environment.

Because Count II rests largely on conclusory recitations of the hostile environment elements and does not allege facts making disability-based harassment plausible, Count II fails to state a claim. The dismissal, however, will be without prejudice because it is conceivable that Plaintiff may be able to allege additional facts, if they exist, which show disability-based harassment distinct from the alleged accommodation and termination decisions. Plaintiff is therefore granted leave to amend Count II.

## C

The FMLA entitles eligible employees to up to twelve work weeks of leave in a twelve-month period for a qualifying serious health condition. 29 U.S.C. § 2612(a)(1)(D). To plead FMLA interference, a plaintiff must plausibly allege that (1) he was eligible for FMLA protection, (2) the employer was covered by the FMLA, (3) he was entitled to FMLA leave, (4) he provided sufficient notice of his intent to take leave, and (5) the employer interfered with, restrained, or denied FMLA benefits to which he was entitled. *See Ziccarelli v. Dart*, 35 F.4th 1079 (7th Cir. 2022). A plaintiff must also show prejudice from the alleged interference. *See Lutes v. United Trailers, Inc.*, 950 F.3d 359 (7th Cir. 2020); *Ridings v. Riverside Med. Ctr.*, 537 F.3d 755 (7th Cir. 2008).

Defendants argue that Count V fails because Plaintiff admits he exhausted his FMLA entitlement before the challenged denial of additional leave and termination. Plaintiff responds that discovery is needed regarding Defendants' FMLA notices, leave administration, and the applicable twelve-month measuring method.

As pleaded, Count V does not plausibly allege FMLA interference. The First Amended Complaint affirmatively alleges that Plaintiff exhausted his available leave,

8

including his FMLA entitlement, while recovering from surgery. It further alleges that after his FMLA leave expired, Plaintiff remained under medical care and needed additional time to recover. The denial alleged in Count V is therefore best understood as a denial of leave beyond the Plaintiff's FMLA entitlement, not a denial of FMLA leave to which Plaintiff remained entitled.

Plaintiff's response identifies a possible alternate theory that Defendants failed to provide required FMLA notices or properly identify the applicable twelve-month measuring method, which may have affected whether Plaintiff had exhausted FMLA leave or otherwise prejudiced his ability to structure leave. That theory can state an FMLA interference claim in an appropriate case because interference can include failure to provide required information, discouragement, or other conduct that restrains FMLA rights, provided Plaintiff alleges prejudice. *See Ziccarelli*, 35 F.4th; *Lutes*, 950 F.3d; *Ridings*, 537 F.3d.

The First Amended Complaint, however, does not plead that theory with supporting facts. It does not allege what notice Defendants failed to provide, what measuring method was applied, why a different method would have left Plaintiff with available FMLA leave, or how the alleged failure prejudiced him.

Plaintiff's alternative theory is not presently before the Court because it was not pleaded in the First Amended Complaint, and a plaintiff may not amend a complaint through arguments in a response brief. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (2011). At the same time, dismissal with prejudice is not warranted. Plaintiff's response suggests that he may be able to plead a notice, designation, measuring method, or a prejudice theory. Based on the Plaintiff's response, amendment of Count V would not necessarily be futile. If Plaintiff has a valid factual basis to do so, he may amend Count V.

## IV

Defendants' Motion to Dismiss Counts I, II, III, and V (D. 14) is GRANTED IN PART and DENIED IN PART. The Motion is DENIED as to Counts I and III. The

9

Motion is GRANTED as to Counts II and V, and Counts II and V are DISMISSED WITHOUT PREJUDICE.

Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely give leave to amend when justice so requires. Counts II and V are dismissed for pleading deficiencies rather than because the present record establishes that amendment would be futile. Plaintiff is therefore granted leave to amend his First Amended Complaint to replead Counts II and V within 21 days if he can do so in a manner consistent with this Order.

*It is so ordered.*

Entered on July 16, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

10